IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHEN M. SULLIVAN,

        Petitioner,

    v.

MARK NOOTH, Superintendent of
Snake River Correctional Institution,

        Respondent.

Civil No. 2:14-cv-01922-PA

OPINION AND ORDER

    NELL BROWN
    Assistant Federal Public Defender
    101 SW Main Street
    Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    ELLEN F. ROSENBLUM
    Attorney General
    ANDREW D. HALLMAN
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

PANNER, Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is DENIED.

## BACKGROUND

On January 25, 2011, a Lane County grand jury indicted Petitioner on one count of Assault in the Fourth Degree, two counts of Assault in the Second Degree, one count of Assault in the First Degree, one count of Attempted Murder, five counts of Felon in Possession of a Firearm, and one count of Unlawful Manufacture of Marijuana. Resp. Exh. 102. The attempted murder and assault claims arose out of a domestic violence confrontation between Petitioner and the victim. Resp. Exh. 112.

On July 7, 2011, Petitioner waived his rights to a jury trial and agreed to be found guilty by a stipulated facts trial. Resp. Exhs. 103, 104. Pursuant to the agreement of the parties, the trial judge sentenced Petitioner to various concurrent and consecutive sentences totaling 132 months of imprisonment. Resp. Exhs. 137, 138.

Petitioner did not file a direct appeal. Petitioner did seek state post-conviction relief ("PCR"). Following an evidentiary hearing, the state PCR trial judge denied relief. Resp. Exh. 143. Petitioner appealed, but the Oregon Court of Appeals granted the

2 - OPINION AND ORDER -

state's motion for summary affirmance and the Oregon Supreme Court denied review. Resp. Exhs. 144-49.

On December 2, 2014, Petitioner filed his Petition for Writ of Habeas Corpus in this court. In his *pro se* Petition, he alleges three grounds for relief: (1) trial counsel was ineffective for failing to object to his arraignment "in absentia" on felony charges; (2) Petitioner's waiver of jury and agreement to be found guilty by stipulated facts trial was not knowing, intelligent, and voluntary because trial counsel lied to him about whether the victim would testify and because counsel failed to retain a firearms expert; and (3) trial counsel was ineffective for failing to the challenge the $200,000 restitution order imposed by the trial court.

Petitioner concedes that he procedurally defaulted the claims alleged in his first and third grounds for relief, but alleges the procedural default should be excused. Respondent contends Petitioner's procedural default of the first and third claims is not excused, and that the second claim was denied by the state PCR court in a decision that is entitled to deference under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The court appointed counsel to represent Petitioner, and in the counseled Brief in Support, Petitioner addresses only the second claim for relief.

3 - OPINION AND ORDER -

## DISCUSSION

### I. Ground Two

#### A. Legal Standards

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The state court's findings of fact are presumed correct, and a petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Section 2254(d) is a "'guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Hibbler v. Benedetti*, 693 F.3d 1140, 1148 (9th Cir. 2012) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)) (additional internal quotation omitted), *cert. denied*, 133 S. Ct. 1262 (2013). "'[T]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was

4 - OPINION AND ORDER -

unreasonable—a substantially higher threshold.'" *Id.* at 1146 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

A state court acts "contrary to" clearly-established federal law if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly-established federal law if the court: (1) identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case; or (2) either unreasonably refuses to extend the governing legal principle or unreasonably extends it to a new context where it should not apply. *Id.* at 407, 413. Under this standard of review, a federal court may not issue a writ of habeas corpus because it concludes the state court applied clearly-established federal law erroneously or incorrectly; the state court decision must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

A claim of ineffective assistance of counsel requires the petitioner to prove that counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

5 - OPINION AND ORDER -

*Strickland v. Washington*, 466 U.S. 668, 687-88 (1987); *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91. If there is a failure of proof on either prong, habeas relief is not warranted. *Murray v. Schriro*, 746 F.3d 418, 457 (9th Cir. 2014).

*Strickland* applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In order to establish prejudice in the guilty plea context, petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hibbler*, 693 F.3d at 1150; *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007); *Hill*, 474 U.S. at 59.

Because "plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks," strict adherence to the deferential *Strickland* standard is "all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S. 115, 124 (2011). The issue is not whether this court believes the state court's determination under *Strickland* was incorrect, but whether that determination was unreasonable, a substantially higher threshold. *Knowles v. Mirzayance*, 556 U.S. 111, 123-24 (2009); *Hibbler*, 693 F.3d at 1146.

6 - OPINION AND ORDER -

## B.    Analysis

Petitioner argues he received constitutionally ineffective assistance of trial counsel because his trial attorney did not timely investigate his case and did not share with him the results of the investigation she did complete, and because counsel failed to discuss her investigative work in light of the State's evidence against him. He contends that, but for these failures, he would not have entered guilty pleas and would instead have insisted on his right to trial.

In the state PCR proceeding, Petitioner alleged trial counsel provided ineffective assistance of counsel by failing to properly investigate Petitioner's accidental shooting theory and Petitioner's self-defense theory. Petitioner alleged counsel failed to obtain forensic evidence concerning the number and trajectory of the bullet(s) fired, failed to obtain grand jury notes, and erroneously informed Petitioner that the victim indicated she would testify against Petitioner if the case went to trial.

In support of his claims, Petitioner submitted his own affidavit, as well as the affidavits of the victim and two mutual friends, by which he sought to demonstrate that the shooting was the result of an accident, not an escalation of domestic violence. In the victim's affidavit, she stated she told the prosecutor and

7 - OPINION AND ORDER -

others that she would not testify against Petitioner, and that the shooting was an accident.

The state countered Petitioner's evidence with affidavits from trial counsel and the prosecutor, who both stated the victim was planning to testify if the case went to trial. Trial counsel also described the investigation undertaken and her discussions with Petitioner concerning the evidence.

The PCR trial judge rejected Petitioner's claim of ineffective assistance, and entered the following findings and conclusions:

> Petitioner failed to carry his burden to prove any of his allegations for Post Conviction Relief. The evidence demonstrates that the Petitioner entered into a trial by stipulated facts, knowingly, freely and voluntarily. I find the testimony of Petitioners attorney . . . to be credible.
>
> With respect to the specific claims I find as follows:
>
> a.  Petitioner alleges generally that his attorney failed to adequately investigate his case. He has failed to prove this allegation. In addition, he has failed to present any credible proof of what evidence would have been obtained by further investigation and how that evidence would have likely changed the outcome of the proceeding.
>
>    1.  The attorney did not fail to investigate evidence that one rather than two shots were fired. The District Attorney had dropped the 2-bullet theory several weeks before the trial and had informed Petitioner's attorney who in turn advised the Petitioner.
>
>    2.  Petitioner's attorney did in fact hire an expert to examine the crime scene. . . . The

8 - OPINION AND ORDER -

                experts report and testimony was available had Petitioner chosen to go to trial.

      3.    There is no credible evidence that [the victim] would have provided a statement or testimony favorable to the Petitioner prior to trial. The testimony of Petitioner's attorney and the District Attorney are consistent in this respect. [The victim's] affidavit to the contrary, obtained years after the conviction is not credible, it is particularly not believable that [the victim], who has no recollection of the shooting went back to the scene and determined that the Petitioner's version of the events was correct even though she apparently did not advise the District Attorney nor Petitioner's attorney of this fact in the days leading up to the trial.

      4.    Petitioner's attorney did not obtain notes of the grand jury proceeding. There is no evidence that she would have been able to obtain those notes had she attempted to do so. Petitioner has not provided a copy of those notes to this court and has not shown how obtaining the notes would have had any impact on his case.

  b.    Petitioner has failed to prove that his attorney was ineffective for failing to discover evidence to support his claim of self defense.

      1.    Petitioner's attorney did in fact contact witnesses regarding past assaults between Petitioner and the victim. She concluded that most of the evidence was contrary to Petitioner's claim of self defense. The district attorney also had evidence of previous assaults committed by Petitioner against [the victim], The Petitioner has not produced credible evidence that his attorney could have discovered adequate evidence to support his claim of self defense.

      2.    Petitioner's attorney did attempt to contact the victim but she refused to talk to her.

9 - OPINION AND ORDER -

> Even if Petitioner's attorney had talked to the victim, the victim had no memory of the events and would not have been helpful to Petitioner's claim of self defense.

Resp. Exh. 143, pp. 1-3.

The PCR court's findings are reasonable in light of the evidence before it and, as such, are entitled to deference. *See* 28 U.S.C. § 2254(d)(2) and (e)(1). The denial of PCR relief was reasonable in light of the factual findings that trial counsel did investigate the forensic issues, and that the victim was planning to testify against Petitioner at trial. Petitioner has failed to demonstrate to this court that trial counsel's representation was constitutionally deficient.

Moreover, Petitioner has failed to demonstrate that there is a reasonable probability that, but for the representation he received from counsel, he would not have waived his right to a jury and agreed to be found guilty through a stipulated fact trial. The PCR court's finding that Petitioner's agreement was knowing and voluntary is not unreasonable, and the PCR court's conclusion that trial counsel was not constitutionally ineffective is neither contrary to, nor an unreasonable application of clearly established federal law. Accordingly, Petitioner is not entitled to habeas corpus relief on his second claim.

10 - OPINION AND ORDER -

## II. Grounds One and Three

As noted, in his counseled Brief in Support, Petitioner does not address the claims alleged in grounds one and three. In an application for habeas relief, petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Because petitioner fails to address grounds one and three in his brief, he has failed to sustain his burden of proving habeas relief is warranted. *Lambert v. Blodgett*, 393 F.3d 943, 970 n. 16 (9th Cir. 2004) (petitioner bears burden of proving his case), *cert. denied*, 546 U.S. 963 (2005); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). Nevertheless, the court has reviewed his unargued claims and is satisfied that petitioner is not entitled to relief on the claims alleged in grounds one and three.

As Petitioner admits, he procedurally defaulted both claims for relief because they were not presented to the PCR court. Upon review, the procedural default is not excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).[1] As to the first claim, Petitioner

---

[1] Under *Martinez*, the Supreme Court recognized that the procedural default of an ineffective assistance of counsel claim may be excused if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Martinez*, 132 S. Ct. at 1320. The reviewing court must determine whether the petitioner's attorney in the first collateral review proceeding was ineffective, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice. *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012), *cert. denied*, 113 S. Ct. 863 (2013).

11 - OPINION AND ORDER -

fails to establish how the outcome of his criminal proceeding would have differed. As to the second claim, Petitioner does not establish the bases upon which trial counsel should have objected to the restitution award, or how he was prejudiced by trial counsel's failure to object. Accordingly, petitioner fails to satisfy the requirements of *Martinez*, and his procedural default of the claim alleged in grounds one and three is not excused.

## CONCLUSION

For these reasons, the court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __19__ day of January, 2016.

Owen M. Panner
United States District Judge

12 - OPINION AND ORDER -